IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LINDA MCCOLLUM and RONER MITCHELL, | * * * |
| Plaintiffs, | * * |
| vs. | *   No. 4:11CV00354 SWW |
| | * |
| ARBORS OF LITTLE ROCK, LLC, and CASE & ASSOCIATES PROPERTIES, INC., | * * * * |
| Defendants. | * * |

**Memorandum and Order**

Before the Court is plaintiffs' motion for preliminary injunction. For the reasons stated below, the motion is denied.

Plaintiffs live in an apartment complex called the Arbors of Pleasant Valley, which is owned by separate defendant Arbors of Little Rock, LLC ("Arbors"). Separate defendant Case & Associates Properties, Inc. ("Case"), manages the apartment complex. Separate plaintiff McCollum has lived in an apartment in the complex for several years. Approximately two years ago, her friend, separate plaintiff Mitchell, moved in with her.

Plaintiffs allege that a maintenance employee at the apartment used a racial slur during an argument with Mitchell sometime during the Spring of 2010, and that the defendants falsely accused McCollum of creating a disturbance, falsely accused them of illegally/improperly parking a vehicle, falsely accused them of drug use, and falsely alleged they had no lease, and continued to engage in a pattern of harassment, including threatening to evict them. In the lawsuit plaintiffs filed on April 22, 2011, they assert claims of discrimination and retaliation

under federal and Arkansas Fair Housing Acts, claims of discrimination under 42 U.S.C. §§ 1981 and 1982, and state law claims of negligent hiring, supervision and/or retention, and defamation.

Along with their complaint, plaintiffs filed a motion for preliminary injunction, asking the Court to enjoin defendants from taking any actions to evict or threaten to evict them. After several extensions of time to which plaintiffs agreed, defendants filed their response. Defendants contend the motion should be denied because they have agreed to forego eviction and allow plaintiffs to remain in the apartment until Separate Plaintiff McCollum's lease expires on July 31, 2011. Defendants also argue plaintiffs fail to establish they are entitled to a preliminary injunction.

The Court finds that the motion for preliminary injunction is moot as defendants have agreed not to evict plaintiffs but to allow their lease to expire.[1]

IT IS THEREFORE ORDERED that the motion for preliminary injunction [docket entry 3] is denied as moot.

DATED this 21st day of June, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Defendants state that for the purposes of their response to plaintiffs' motion for preliminary injunction, they do not dispute the existence of a lease.